**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1150**

DANIEL M. LUCEY; COLLEEN S. LUCEY; ABEL LUCEY,

Plaintiffs - Appellants,

v.

CHESAPEAKE APPALACHIA, LLC,

Defendant - Appellee,

and

SWN PRODUCTION COMPANY, LLC,

Defendant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:17-cv-00066-JPB)

Submitted:  August 9, 2019                    Decided:  October 1, 2019

Before KING, AGEE, and HARRIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

David C. Hook, HOOK AND HOOK, Waynesburg, Pennsylvania, for Appellant. Nicolle R. Snyder Bagnell, Justin H. Werner, Kevin C. Abbott, REED SMITH LLP, Pittsburgh, Pennsylvania, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Lucey, Colleen Lucey and Abel Lucey (the "Luceys") appeal from the district court's order granting Chesapeake Appalachia's motion to dismiss for failure to state a claim. On appeal, the Luceys contend that the district court erred in interpreting the plain language of the parties' contract. We agree, and we vacate and remand.

The Luceys entered into an Oil, Gas and Coalbed Methane Lease (the "Lease") with Great Lakes Energy Partners, LLC ("GLEP"). GLEP later assigned its interests in the Lease to Chesapeake. The Lease had a primary term of five years with an expiration date of August 21, 2011, and an option to extend or renew the lease within sixty (60) days of the expiration date.

On May 31, 2011, Chesapeake attempted to extend the Lease by executing a Notice of Extension of Oil and Gas Lease. The Luceys rejected Chesapeake's attempt to extend the lease and subsequently filed suit against Chesapeake in the United States District Court for the Northern District of West Virginia (the "Initial Lawsuit"). Subsequently, the parties settled the Initial Lawsuit by entering into a Settlement Agreement and Release (the "Settlement Agreement") and a Ratification of Oil and Gas Lease which extended the Lease's primary term to August 21, 2016.[*] The effective date of the Settlement Agreement was October 29, 2012.

The Settlement Agreement provided the following:

---

[*] There are actually two materially identical settlement agreements, involving different plaintiffs. Our analysis applies to both agreements.

NOW, THEREFORE, in consideration of the following premises and the mutual covenants, the Parties hereby agree as follows:

1. In compromise and settlement of any and all claims, demands, actions, and damages of every kind and character brought by Plaintiffs against Releasees . . . all Parties agree that Chesapeake shall pay to Releasors total consideration in the amount of $2,000.00/acre for 203.39 acres totaling $406,780.00 (the "Consideration"). In addition, Chesapeake agreed to pay Releasors an additional $500.00/acre for 203.39 acres, totaling $101,695.00 ("Additional Consideration") if there is not a commencement of two (2) wells within one (1) year of the effective date of this agreement. For the purpose of this agreement, commencement of a well is defined consistent with the terms of the Lease.

The ratified Lease provided that, "[a] well shall be deemed commenced when preparations for drilling have been commenced." Under the Settlement Agreement, the deadline for commencement of two wells before "Additional Consideration" would be owed was one year from the effective date of the Settlement Agreement, which would be on October 29, 2013.

Between May 11 and October 10, 2012, Chesapeake applied for permits to drill four wells that would be located within the Michael Dunn Southwest Unit (the "Dunn Unit"). No permit applications were filed within the one-year period after October 29, 2012. However, Chesapeake started drilling the four wells on December 13, 2012, and completed all four wells within one year of the execution of the Settlement Agreement. On January 3, 2013, Chesapeake recorded a Declaration and Notice of Pooled Unit, identifying the Luceys' property as part of the Dunn Unit.

On May 17, 2017, the Luceys brought the instant suit against Chesapeake and its successor-in-interest SWN Production Company, LLC, asserting claims for breach of contract. On November 30, 2017, Chesapeake filed a motion to dismiss the Luceys' claims

4

for breach of contract pursuant to Federal Rule of Civil Procedure 12(b)(6). The district court granted Chesapeake's motion and dismissed the Luceys' claims for breach of contract with prejudice.

The district court reasoned that the plain language of the Settlement Agreement provided that, in order to avoid paying Additional Consideration, Chesapeake only needed to commence two wells at any time prior to October 29, 2013:

> This language speaks only to a *deadline* for completion—within one year, two wells must be commenced—not to a range of dates within which the commencement of two wells must be commenced. The clear language of the agreement reflects only a one year deadline *defined*, but not *limited*, by the date the settlement agreement was actually signed.

The district court ruled that, because "[f]our wells were completed within that deadline," the Luceys could not present a cognizable claim for relief. The Luceys timely appealed.

We review de novo a district court's ruling on a Rule 12(b)(6) motion, accepting factual allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Mason v. Machine Zone, Inc.*, 851 F.3d 315, 319 (4th Cir. 2017). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In addition, we review de novo a district court's decision on an issue of contract interpretation, as the interpretation of a contract is a question of law that turns on a reading of the document itself, and a district court is in no better position than this court to decide such an issue. *Seabulk Offshore, Ltd. v. Am. Home Assurance, Co.*, 377 F.3d 408, 418 (4th Cir. 2004).

A federal court sitting in diversity must apply the substantive law of the state in which it sits, as there is no federal common law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Under West Virginia law, "the function of a court is to ascertain the intent of the parties as expressed in the language used by them" in their contract. *Zimmerer v. Romano*, 679 S.E.2d 601, 610 (W. Va. 2009). Therefore, the court must read the contract as a whole, taking into consideration all the parts together. *Id.* Moreover, "specific words or clauses of an agreement are not to be treated as meaningless, or to be discarded, if any reasonable meaning can be given them consistent with the whole contract." *Dunbar Fraternal Order of Police v. City of Dunbar*, 624 S.E.2d 586, 591 (W. Va. 2005) (internal quotation marks omitted). Additionally, West Virginia courts "will not interpret a contract in a manner that creates an absurd result." *Id.*; *see also CONSOL Energy, Inc. v. Hummel*, 792 S.E.2d 613, 620 (W. Va. 2016) (stating that a court must give effect to all terms of contract).

Under West Virginia law, "a valid written instrument which expresses the intent of the parties in plain and unambiguous language . . . will be applied and enforced according to such intent." *Equinor USA Onshore Props., Inc. v. Pine Res.*, 917 F.3d 807, 813 (4th Cir. 2019) (alterations and internal quotation marks omitted). When a contract's terms are clear and unambiguous, "extrinsic evidence will not be admitted to explain or alter the terms of the contract." *Id* (alterations and internal quotation marks omitted). "On the other hand, where contract language is ambiguous, extrinsic evidence may be considered to aid the court in its construction of the contract." *Id.* "Language is ambiguous when it is reasonably susceptible of two different meanings or is of such doubtful meaning that

6

reasonable minds might be uncertain or disagree as to its meaning." *Id* (internal quotation marks omitted).

The parties have filed narrow briefs on appeal, agreeing on nearly everything except the correctness of the district court's final order. Specifically, the parties agree that the four wells at issue were "commenced" prior to the effective date of the Settlement Agreement. Thus, the only issue, as presented by the parties, is whether the condition precedent for Chesapeake to avoid paying Additional Consideration required that Chesapeake commence two wells *at any time before* October 29, 2013, or whether it required that Chesapeake commence two wells *between* October 29, 2012 (the effective date of the Settlement Agreement) and October 29, 2013.

The district court ruled that the former was the unambiguous intent of the parties. We reject this finding. Applying the district court's reasoning, the wells had already been commenced at the time the Settlement Agreement was executed. Thus, the condition precedent to Chesapeake owing no further compensation had already been met. As such, there were no circumstances under which Chesapeake would ever owe Additional Consideration. Accordingly, the district court's interpretation of the agreement rendered the one-year deadline and the negotiated amount of additional compensation superfluous.

Moreover, the agreement specifically stated that the condition precedent had to be met "within" one year of the execution of the agreement. The primary definition of the word "within" is "inside, enclosed by." *Wilson v. Gentile*, 8 Cal. App. 4th 759, 762 (Cal. Ct. App. 1992) (citing *Oxford American Dictionary* (1980)). "The use of the word 'within' in the context of time computation requires two boundary points, together framing a time

7

period 'inside' of which or 'enclosed by' which the relevant events must occur." *Id.* Had the parties intended that the wells could be commenced at *any* time prior to October 29, 2013, the Settlement Agreement likely would have said so. Of course, such an agreement would not have been beneficial to the Luceys, and such language would be unnecessary as the wells had already been commenced. Accordingly, we find that the district court erred in granting Chesapeake's motion to dismiss on the ground that wells commenced prior to the effective date of the agreement satisfied the plain language of the condition precedent. We find that, at best, the Settlement Agreement's language is ambiguous. Accordingly, it was improper for the district court to grant Chesapeake's motion. *See Lee Enters., Inc. v. Twentieth Century-Fox Film Corp.*, 303 S.E.2d 702, 705 & n.3 (W. Va. 1983) ("In situations where contract provisions are ambiguous, we have held it is improper to grant a motion to dismiss.").

Thus, we vacate and remand for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

8